1  | **Todd M. Friedman (216752)**
2  | **Law Offices of Todd M. Friedman, P.C.**
3  | **21031 Ventura Blvd, Suite 340**
   | **Woodland Hills, CA 91364**
   | **Phone: 323-306-4234**
4  | **Fax: 866-633-0228**
5  | **tfriedman@toddflaw.com**
   | **Attorneys for Plaintiff**

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   **FOR THE COUNTY OF LOS ANGELES**
8  **UNLIMITED JURISDICTION**

9

10                                                    Case No.

11  **SEAN AGAZANOF, individually and on**  )   **CLASS ACTION COMPLAINT**
    **behalf of all others similarly situated,**  )
12                                          )
                                            )   **(Amount to exceed $25,000)**
13  Plaintiff,                              )
                                            )      1.  Violation of the Business and
14       vs.                                )          Professions Code Sections 17200 *et*
                                            )          *seq.* (California Unfair Competition
15  **ONWARD MANUFACTURING**                )          Law);
    **COMPANY DBA BROIL KING,**             )      2.  Violation of the Business and
16                                          )          Professions Code Section 17500.
                                            )
17  Defendant.                              )
                                            )
18                                          )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21  _____)

**I.  INTRODUCTION**

22       1.      This is a putative California class action case brought on behalf of all purchasers

23  of "MADE IN U.S.A"-labeled apparel products ("the Grills") manufactured, distributed,

24  marketed, and/or sold by ONWARD MANUFACTURING COMPNAY ("Defendant") in

25  California.

         2.      Through unlawful, deceptive and unfair course of conduct, Defendant

26  manufactured, marketed, and/or sold Grills throughout the United States (and in California)

27  with the false designation and representation that Defendant's apparel was "MADE IN NORTH

28  AMERICA"

Complaint - 1

3.      Through unlawful, deceptive and unfair course of conduct, Defendant manufactured, marketed, and/or sold the Apparel throughout the United States with the false designation and representation that Defendant's Grills were "MADE IN NORTH AMERICA" The "MADE IN NORTH AMERICA" claim is predominantly printed on tag which is attached to the product and its packaging.[1]. Despite true facts to the contrary, the offending Grills are substantially made, manufactured or produced from *component parts* that are manufactured outside of the United States in violation of California law.  In fact, on information and belief, Defendant's Grills that were purchased, are made with foreign-made components, including the primary cooktop component, in violation of California law.

## II.  PARTIES

4.      Plaintiff, Sean Agazanof ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California.

5.      Defendant, ONWARD MANUFACTURING COMPANY ("Defendant") is a grill and barbecue manufacturer incorporated and with its primary place of business in Missouri.

## III.  JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter in that Defendant routinely transact business in Los Angeles County.

7.      Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code § 17203, 17204, and Civil Code §1780(c) because Defendant do business and Plaintiff's transaction took place in Los Angeles County.

## IV.  GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 13, inclusive, as though fully set forth herein.

9.      Defendant manufacture, market, and/or sell grills and barbecues, such as the Grills at issue, wherein said grills have a tag attached to the Grill itself and its packaging which says that the Grill is "MADE IN NORTH AMERICA."

---

[1] Plaintiff intends to seek class-wide relief on behalf of all purchasers of Defendant's Grills that were advertised with a "Made in North America" country of origin designation, but which was actually foreign-made and/or composed of foreign-made component parts.

10.    Contrary to the representation, the Grills at issue are substantially and/or partially made, manufactured or produced with *component parts* that are manufactured outside of North America.

11.    Defendant market, continue to market, and represent to the general public that the Grills are "MADE IN NORTH AMERICA."  In addition, Defendant fraudulently concealed the material facts at issue herein by failing to disclose to the general public the true facts regarding the country of origin designation appearing on the Grills.  The disclosure of this information was necessary to make Defendant' representation not misleading for want of disclosure of these omitted facts.  Defendant possess superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

12.    Consumers are particularly vulnerable to these deceptive and fraudulent practices.  Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries.  This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

13.    Consumers generally believe that" MADE IN NORTH AMERICA" products are higher quality that their foreign-manufactured counterparts.  Due to Defendant' scheme to defraud the market, members of the general public were fraudulently induced to purchase the Defendant' products at inflated prices.  On information and belief, and during the entirety of the relevant four-year statutory time period, Defendant charged inflated monies for the Grills that were not truly "MADE IN NORTH AMERICA"  California and federal laws are designed to protect consumers from this type of false representation and predatory conduct.  Defendant' scheme to defraud consumers is ongoing and will victimize consumers each and every day until altered by judicial intervention.

## V. THE PLAINTIFF'S TRANSACTION

14.    In or around July of 2021, while shopping on BBQGalore.com, a grill and barbecue retail website, Plaintiff noticed a grill manufactured by Defendant that was labeled "MADE IN NORTH AMERICA."

15.    Plaintiff was very interested in the Grill, and decided to visit a BBQGalore brick and mortar store on or around July 3, 2021 to decide if he would purchase the Grill.

16.     The Grill that Plaintiff examined at the BBQGalore brick and mortar store was also labeled with a "MADE IN NORTH AMERICA" tag.

17.     Plaintiff was specifically looking to purchase a grill that was manufactured in the United States, and not in China.

18.     Relying on Defendant's representation that the Grill was made in North America, Plaintiff purchased the Grill from BBQGalore's brick and mortar store on July 23, 2021.

19.     However, the Grill was comprised of component parts made outside of North America, including the cooktop component which was, on information and belief, manufactured in China.

20.     In each case when Plaintiff, and Class Members, purchased the Grill they relied upon Defendant' "MADE IN NORTH AMERICA" representation in their purchasing decision, which is typical of most U.S. consumers, and they were deceived as a result of Defendant' actions.   In fact, Plaintiff would not have purchased the Grill if it weren't for the misrepresentation of the aforementioned material fact.   These purchasing decisions were supported by the "MADE IN NORTH AMERICA" representation made by Defendant, which is absent from most of Defendant' competitors.

21.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant' false "MADE IN NORTH AMERICA" claims displayed on the Grills. Furthermore, he suffered an "injury in fact" by paying for something he believed was genuinely manufactured in the USA, when it was not.

22.     U.S.-made components parts are subject to strict regulatory requirements, such as environmental, labor, and safety standards.   Defendant represented that its Grills were "MADE IN NORTH AMERICA" to deceive consumers and cause them to pay a premium for its Grills because consumers generally believe that products made in North America are superior in quality to those made in China. In fact, however, Defendant's Grills are comprised of component parts, including the cooktop component, which are manufactured in China.

23.     Plaintiff and Class Members were undoubtedly injured as a result of Defendant' false "MADE IN NORTH AMERICA" representations that are at issue in this litigation.

## VI. CLASS ACTION ALLEGATIONS

24.     Plaintiff hereby re-alleges and incorporates by reference each and every

preceding paragraph as though fully set forth herein.

25.     Plaintiff brings this action individually and behalf of all others similarly situated in the State of California who purchased Defendant' Grills ("The Class").    Specifically, excluded from The Class is any persons who have a controlling interest in Defendant', and of Defendant' parent companies, subsidiaries, and Defendant' officers, directors, managers, shareholders and members of their immediate families; and their heirs, successors and assigns pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200 *et seq.* The Class also does not include any persons who previously filed suit against Defendant for similar violations of California law and/or the Honorable Judge assigned to this case and his or her court staff.

26.     A sufficient similarity exists with respect to the Grills that Plaintiff and The Class have purchased in that the Grills are similar via the intentional mislabeling of the products by Defendant. If there is a sufficient similarity between the Grills, any concerns regarding material differences in the products can be addressed at the class certification stage. *Anderson v. Jamba Juice Co.,* 888 F.Supp.2d 1000,1006 (N.D. Cal. 2012).

27.     The members of The Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  On information and belief, the exact number and identities of the members of The Class are ascertainable from the records in Defendant' possession.

28.     There is a well-defined community of interest in the questions of law and fact involved in this case.

29.     All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of the Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a. **Numerosity**: On information and belief, The Class is so numerous that the individual joinder of all members would be impracticable.

b. **Common Questions Predominate**: Common questions of law and fact exists as to all members of The Class, and those questions clearly predominate over any questions that might affect members individually.  These commons questions of law and fact include, for example, whether Defendant' actions in the regard constitute an unfair, unlawful, or fraudulent

business practice pursuant to Section 17200 et seq. of the California Business & Professions Code. The proposed class is readily definable. The class that Plaintiff seeks to represent is defined as follows:

> All persons within California who purchased one or more of Defendant's Grills, that were advertised with a "Made in North America" country of origin designation, that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the complaint.

c. **Typicality**: On information and belief, Plaintiff's claims are typical of the claims of the members of The Class. Plaintiff and all members of The Class sustained damages arising out of Defendant's common course of conduct complained herein.

d. **Adequacy**: Plaintiff will fairly and adequately protect the interest of the members of The Class because Plaintiff has no interests which are adverse to the interest of absent class members and because Plaintiff has retained counsel who possesses significant litigation experience regarding alleged violations of consumer statutes.

e. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of The Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized and the potential for inconsistent or contradictory judgments will be avoided.

## COUNT I: VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

30.  Plaintiff reincorporates by reference all of the preceding paragraphs.

31.  Plaintiff and Defendant are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

32.     "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

33.     A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm–that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

34.     By and through Defendant's conduct alleged in further detail herein, Defendant engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, et seq.

**UNLAWFUL**

35.     California Business and Professions code Section 17200, et seq. prohibits "any unlawful…business act or practice."

36.     Consumers generally believe that products manufactured in North America are superior to those made in China. Because of this perceived superiority, consumers are willing to pay a premium for products which are manufactured in North America.

37.     As explained above, Defendant deceived and invaded the rights of Plaintiff and other Class Members by representing that its Grills were "MADE IN NORTH AMERICA," when, in fact, the Grills were comprised of component parts which were made outside of North America. Specifically, the cooktop component of Defendant's Grills is made in China. As such, Defendant denied Plaintiff and other putative class members the benefit of the bargain by providing them with a product worth less than what they reasonably believed it was worth.

38.     Beginning at a date currently unknown and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely representing that its Grills were "MADE IN NORTH

AMERICA," when in reality the Grills were comprised of component parts manufactured in China, in violation of Bus. & Prof. Code §§ 17500, *et seq.*

39.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to pay a higher price for the Grills in violation of California Business and Professions Code Section 17500, *et seq.* Had Defendant not falsely advertised, marketed, or misrepresented the Grills, Plaintiff and Class Members would have purchased alternative products, or would have paid less for the Grills. Defendant's conduct therefore caused, and continues to cause, economic harm to Plaintiff and Class Members.

40.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## UNFAIR

41.    Defendant has engaged in a pattern of "unfair" business practice in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by manufacturing, distributing, and/or marketing that the Grills are "MADE IN NORTH AMERICA," resulting in a competitive disadvantage to other grill manufacturers that manufacture grills outside of North America.

42.    The gravity of those misrepresentations outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, in that consumers are led to believe that Defendant's Grills have qualities and benefits which they do not have.

43.    Defendant's website, product packaging, and product literature misleads and deceives consumers into believe that the Grills are "MADE IN NORTH AMERICA," which as discussed above, is untrue and misleading.

44.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is

immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

45.    UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App.. 4th 1350, 1365 (2010). Here, the Plaintiff satisfies all three.

46.    The FTC test requires a Purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

47.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell Grills that do not bear the characteristics that were advertised. Accordingly, Plaintiff and class members were injured because they paid money for a product that was of substantially less value than they reasonably believed, and were denied the benefit of the bargain.

48.    Such conduct involves equitable remedies in the form of a return of part of the purchase price of the product. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

49.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any Purchaser. Defendant falsely represented that its Grills were "MADE IN NORTH AMERICA," when they were comprised of component parts manufactured in China. As such, the Grill Plaintiff purchased and owned did not bear the characteristics that were advertised with respect to its origin. Plaintiff forewent purchasing other grills as a result of Defendant's misrepresentations. Once Plaintiff had purchased the expensive Grill, Plaintiff was unable, without experiencing a substantial loss, to switch to another brand of Grill. Therefore, Defendant denied Plaintiff and other similarly situated consumers the benefit of the bargain that they reasonably expected to receive at the time of purchase.

50.    Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co..*, 20 Cal. 4th 163, 187 (1999).

51.    By deceiving Plaintiff and members of the class into purchasing Grills under false pretenses, Defendant has gained an unfair advantage in the marketplace and has hindered competition. Class Members, including Plaintiff, are now stuck with an expensive Grill that does not bear the characteristics it was marketed as having. As a result, Defendant has unfairly usurped the business of competitors, and artificially been able to raise the price of its products. Defendant's actions tend to harm competition in the Grill market by reducing competition in the marketplace due to consumer perceived superiority of Defendant's Grills as a result of Defendant's misrepresentations. Defendant's misrepresentations do not offer any countervailing benefit to the marketplace.

52.    Defendant's misrepresentation as to the Grill's origin is a rule meant to deceive consumers into believe that its Grills are "MADE IN NORTH AMERICA," when in fact the grills are comprised of component parts manufactured in China. Because consumers reasonably perceive products manufactured in North America as superior to their Chinese competitors, Defendant duped consumers such as Plaintiff and Class Members into paying a higher price for products that were not actually manufactured in North America. Such acts thereby prevent competition of third party competitors who sell other grills with similar features, but whose products are passed over by consumers in favor of Defendant under false pretenses.

53.    A third test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

54.    Here all of these factors weigh heavily in favor of this Court finding that Defendant's business practices are unfair.

55.    Defendant took advantage of the market and of consumers by misrepresenting the characteristics of its products to the general public, as discussed above. Such conduct is injurious to consumers insofar as it promises a product bearing certain characteristics, when in

fact the product bears characteristics that are inherently and facially of less value. Accordingly, consumers were deprive of the benefit of the bargain of what they sought to purchase and reasonably believed they had purchased at the point of sale. There is no moral, ethical, or economic justification for this conduct, and it is inherently immoral and unscrupulous for Defendant to have done this to its customers.

56.     In so doing, Defendant has acted immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

57.     Plaintiff can use a benefit of the bargain approach, discrete choice analysis, or other economically-sound methods of damage calculations to ascertain the harm suffered by Class Members.

58.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these Purchasers could have reasonably avoided.

59.     Thus, Defendant's conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

**FRAUDULENT**

60.     Beginning at a date currently unknown and continuing through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described herein, by engaging in a patter of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely representing that Defendant's Grill was "MADE IN NORTH AMERICA."

61.     Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**"UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING"**

62.     Defendant's practices are unfair, deceptive, untrue, or misleading in that consumers are led to believe that Defendant's Grills were "MADE IN NORTH AMERICA."

63.     Plaintiff and the public, as reasonable consumers, were deceived and misled by Defendant's conduct.

64.     Defendant's unlawful, unfair, and fraudulent business practices, and unfair, deceptive, untrue, and/or misleading advertising presents a continuing threat to the public in that Defendant continues to falsely represent that its Grills are "MADE IN NORTH

AMERICA" when in fact its Grills are comprised of component parts which are manufactured in China.

65.    Defendant engaged in these unlawful, unfair, and fraudulent business practices, which were motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated, thereby unjustly enriching Defendant.

66.    Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute violations of the Bus. & Prof. Code §§ 17200, *et seq.*, Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

67.    As a direct and proximate result of the aforementioned acts and representations, Defendant received and continues to receive unearned commercial benefits at the expense of its competitors and the public.

68.    As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant has been. and will continue to be. unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and Class Members, who unwittingly provided money to Defendant as a result of Defendant's fraudulent misrepresentations.

69.    Plaintiff has suffered an "injury in fact" because Defendant received Plaintiff's money as a result of Defendant's false representations set forth on Defendant's website and on Defendant's product packaging.

70.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which are available to prevailing plaintiffs in class action cases such as this.

**COUNT II: VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500**

71.    Plaintiff re-alleges and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.    Plaintiff brings this claim individually and on behalf of all others similarly situated for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

73.     Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

74.     Defendant engaged in a scheme of misrepresenting its Grills as being "MADE IN NORTH AMERCA." Such practice misrepresented the nature and origin of the Grills. Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code §§ 17500, *et seq.* in that the product branding and advertising was intended to induce customers to purchase the Grills. Defendant knew or should have known its conduct was unauthorized, inaccurate, and misleading.

75.     Defendant violated 17500, *et seq.* by misleading Plaintiff and the Class into believing that the Grills were "MADE IN NORTH AMERICA." However, the Grills were actually comprised of component parts made in China.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as follows:

A.     For an order awarding, as appropriate, damages to the Plaintiff and The Class;

B.     For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent The Class;

C.     For an order that the Court certify Plaintiff to serve as the class representative in this matter;

D.     For an order that the Defendant' wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

E.     For an order requiring Defendant to immediately cease and desist from selling the Grills in violation of law and enjoining Defendant from continuing to manufacture, deliver, offer to deliver, market, advertise, distribute, and sell the Grills in the unlawful, unfair, and deceptive manner described herein;

F.     For an order awarding attorneys' fees and costs;

G.      For an order awarding punitive damages;

H.      For an order awarding pre-judgment and post-judgment interest; and

I.      For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

**JURY DEMAND**

Plaintiff and the Class Members are entitled to, and hereby demand, a trial by jury.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 2nd of March, 2022.

By:    *Todd M. Friedman*

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff